**Victoria GANSINGER and Grant Gansinger, Plaintiffs,**

v.

**HOLIDAY INNS, INC., Franklin Property Company, MHC Airport Inn, Inc. and B.F. Saul Real Estate Investment Trust, Defendants.**

**No. 98–CV–6119 CJS.**

United States District Court,
W.D. New York.

April 14, 1998.

Richard Weisbeck, Jr., Buffalo, NY, for Plaintiffs.

Karl Salzer, Trevett, Lenweaver & Van-Strydonck, P.C., Rochester, NY, for Defendants.

DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action in which the plaintiffs are suing for injuries allegedly sustained by Victoria Gansinger when she was robbed at gunpoint at a premises controlled by the defendants. The plaintiffs commenced this action in New York State Supreme Court, Monroe County, on January 29, 1998. The defendants were served with a summons and complaint on or about February 20, 1998, and they filed a notice of removal to this Court on March 20, 1998. For the reasons that follow, this action will be remanded to State Supreme Court unless, within twenty days of the date of this Decision and Order, the Defendants amend their Notice of Removal to provide the necessary factual basis for this Court to determine whether or not it has jurisdiction pursuant to 28 U.S.C. § 1332.

STATEMENT OF FACTS

The plaintiffs' complaint alleges, in relevant part, that the plaintiffs "at all times hereinafter mentioned, were and still are residents of the City of Redwood, located within

the County of San Mateo and the State of California;" that Holiday Inns, Inc. and Franklin Property Company "are foreign corporation[s] authorized to do business within the State of New York;" that MHC Airport Inn, Inc. is "a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business located within the County of Monroe and the State of New York;" and that B.F. Saul Real Estate Investment Trust is "a trust organization duly organized and existing under and by virtue of the General Association Law of the State of New York, and maintains an office for the transaction of business located within the County of Monroe and State of New York." The notice of removal essentially repeats these allegations, although it does further allege that MHC Airport Inn, Inc.'s principal place of business is in New York. The notice of removal further states:

> That the original jurisdiction is conferred upon the United States District Court for the Western District of New York pursuant to the Constitution of the United States Article III, Section 2, Clause 1 and 28 U.S.C. Section 1332 in that it is a controversy between citizens of different states and the amount in controversy exceeds Seventy–Five Thousand Dollars ($75,000.00).

## ANALYSIS

The removal of actions from State Court to Federal Court is controlled by 28 U.S.C. § 1441(b), which states in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1447(c) states in relevant part that, "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. § 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." As for trusts, the citizenship of the trustee(s) generally determines diversity. *See, Clarkson Co., Ltd. v. Shaheen,* 544 F.2d 624, 628 (2d Cir.1976). In the matter before the Court, neither the complaint nor the notice of removal has alleged sufficient facts to enable this Court to determine the citizenship of Holiday Inns, Inc. or of Franklin Property Company. Moreover, there is no allegation as to the citizenship of the trustee(s) of the B.F. Saul Real Estate Investment Trust. Without this information, the Court cannot determine whether or not there is complete diversity between the plaintiffs and these defendants. Accordingly, the defendants are directed to file and serve an amended notice of removal setting forth the states of incorporation and the principal places of business for Holiday Inns, Inc. and Franklin Property Company, as well as the citizenship of the trustee(s) of the B.F. Saul Real Estate Investment Trust, on or before May 4, 1998. Failure to provide this information will result in this action being remanded to State Supreme Court.

So ordered.